UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| WADE HILL, JR.,<br>Plaintiff,<br><br>vs.<br><br>CITY OF FOREST PARK,<br>Defendant. | Civil Action No. 1:17-cv-852<br>Dlott, J.<br>Litkovitz, M.J.<br><br>**REPORT AND<br>RECOMMENDATION** |

Plaintiff Wade Hill, Jr., proceeding pro se, brings this action against defendant City of Forest Park (hereinafter "City") for malicious prosecution under 42 U.S.C. § 1983 and the state law tort of false imprisonment. (Doc. 1). This matter is before the Court on the City's motion to dismiss (Doc. 7), plaintiff's response in opposition (Doc. 9), and the City's reply memorandum (Doc. 10).

## I. The Complaint

Plaintiff initiated this action on December 19, 2017. (Complaint, Doc. 1). Plaintiff alleges that he received fifteen "unjust" convictions as a result of prosecutions that were executed without probable cause in case numbers: C/15/CRB/19343; C/15/CRB/19344; M/14/CRB/12071; M/14/CRB/22855; M/14/CRB/22856; M/14/CRB/22857; M/15/CRB/10513; M/15/CRB/11103; M/15/CRB/11104; M/15/CRB/13574; M/15/CRB/16972; M/15/CRB/26867; M/17/CRB/24736; M/17/CRB/24738; and M/17/CRB/24739. (*Id.* at ¶ 7). Plaintiff alleges that the City acted maliciously by "requesting (through deputy [District Attorney]) extensive sentences totaling 240 days jail upon obtaining unconstitutional convictions." (*Id.* at ¶ 8). Plaintiff further alleges that the City's "malicious acts" resulted in his "unjust captivity . . . for

more than 30 days in jail when there was no evidence of any wrongdoing. . . ." (*Id.* at ¶ 9). Plaintiff alleges that the City's policy of "invidious discrimination and malicious prosecution" resulted in the 15 unjust prosecutions over the last four years. (*Id.* at ¶ 10).

**II. The City's motion to dismiss (Doc. 7)**

The City moves to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) on the grounds that the complaint is barred by the statute of limitations and the complaint fails to state a claim upon which relief may be granted. (Doc. 7). First, the City contends that plaintiff's malicious prosecution claim brought under 42 U.S.C. § 1983 is time-barred by the two-year limitations period set forth in Ohio Rev. Code § 2305.10. (*Id.* at 4). The City claims that at least five of the underlying charges in plaintiff's malicious prosecution claim are barred by the two-year statute of limitations. (*Id.*).

The City also contends that plaintiff fails to state a claim for malicious prosecution under 42 U.S.C. § 1983 because he has failed to allege that any of the criminal proceedings terminated in his favor, which is a requisite element for bringing a malicious prosecution claim. (*Id.* at 5.). The City maintains that plaintiff was convicted in fifteen proceedings, three of which are pending on appeal. (*Id.* at 5-6). The City also moves to dismiss plaintiff's false imprisonment claim for failure to state a claim for relief because the evidence of probable cause arising from his convictions defeats a finding of false imprisonment. (*Id.* at 6).

In response, plaintiff argues that the City fails to sufficiently dispute the facts in his complaint. (Doc. 9 at 2). Plaintiff argues that the criminal proceedings against him were facially void because there was no probable cause. (*Id.*). In addition, plaintiff argues that five of his malicious prosecution claims are not barred by the statute of limitations based on the continuing violations doctrine. (*Id.*).

In reply, the City contends that the continuing violations doctrine is inapplicable because it rarely extends to § 1983 actions and because each proceeding against plaintiff is a separate and discrete occurrence that does not amount to a continuing constitutional violation. (Doc. 10 at 1-2). Additionally, the City argues that probable cause was established for each conviction. (*Id.*).

## A. Rule 12(b)(6) standard

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (internal quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Although the plaintiff need not plead specific facts, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly,* 550 U.S. at 555, 570). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). The Court must hold pro se pleadings to less stringent standards than those prepared by attorneys and must liberally construe them when determining whether they fail to state a claim. *See, e.g., Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004).

3

### B. Plaintiff's malicious prosecution claim should be dismissed.

*i. Plaintiff's malicious prosecution claim is time-barred for five of the underlying charges*

The Sixth Circuit recognizes a separate constitutional claim of malicious prosecution under the Fourth Amendment, which includes wrongful investigation, prosecution, conviction, and incarceration. *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010) (citing *Barnes v. Wright,* 449 F.3d 709, 715–16 (6th Cir. 2006)). "The tort of malicious prosecution is entirely distinct from that of false arrest, as the malicious-prosecution tort remedies detention accompanied not by absence of legal process, but by wrongful institution of legal process." *Id.* (citing *Wallace v. Kato,* 549 U.S. 384, 390 (2007)) (internal quotation marks omitted).

A limitations period is not provided in 42 U.S.C § 1983; therefore, the applicable limitations period is the general personal injury statute of limitations for tort actions in the state where the cause of action arose. *Kilgore v. City of Mansfield*, 679 F.2d 632, 633-34 (6th Cir. 1982). *See also Browning v. Pendleton*, 869 F.2d 989, 991 (6th Cir. 1989). In Ohio, the statute of limitations for actions brought under § 1983 is the period provided under Ohio Rev. Code § 2305.10, which requires actions for bodily injury to be brought within two years after their accrual. *Browning*, 869 F.2d at 990. *See also Friedman v. Estate of Presser*, 929 F.2d 1151, 1158-59 (6th Cir. 1989). The statute of limitations begins to run in § 1983 malicious prosecution cases when "the plaintiff knows or has reason to know of" the favorable termination of his action. *King v. Harwood*, 852 F.3d 568, 578 (6th Cir. 2017).

In his complaint, plaintiff alleges malicious prosecution based on fifteen charges resulting in convictions against him. (Doc. 1 at 4-5, ¶ 7). In its motion to dismiss, the City has attached

relevant judgment entries from the case numbers recited in plaintiff's complaint.[1] (Doc. 7-1, Ex. A). At least five of plaintiff's convictions underlying his claim for malicious prosecution are time-barred by the two-year limitations period. The judgment entries show that the following convictions are time-barred: M/14/CRB/12071 (appeal dismissed on August 25, 2014) (*Id.* at 3); M/14/CRB/22855 (appeal dismissed on May 13, 2015) (*Id.* at 4); M/14/CRB/22856 (appeal dismissed on May 13, 2015) (*Id.*); M/14/CRB/22857 (appeal dismissed on May 13, 2015) (*Id.*); and M/15/CRB26867 (sentenced on December 3, 2015) (*Id.* at 11). Plaintiff did not file this lawsuit until December 19, 2017, after the two-year limitations period expired. Because plaintiff failed to bring these claims within two years, plaintiff's malicious prosecution claim relating to these underlying convictions should be dismissed as time-barred by the statute of limitations.

To sidestep the two-year limitations period, plaintiff claims that the continuing violations doctrine is applicable. (Doc. 9 at 2). "[D]iscriminatory incidents which occur beyond the limitations period are actionable where a plaintiff . . . challenges not just one incident . . . but an unlawful practice that continues into the limitation period." *Haithcock v. Frank*, 958 F.2d 671, 677 (6th Cir. 1992) (citing *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 365 (1982)) (internal quotations omitted). The continuing violations doctrine applies where "(a) the defendants engage in continuing wrongful conduct; (2) injury to the plaintiffs accrues continuously; and (3) had the defendants at any time ceased their wrongful conduct, further injury would have been avoided." *Broom v. Strickland*, 579 F.3d 553, 555 (6th Cir. 2009) (quoting *Hensley v. City of Columbus*, 557 F.3d 693, 697 (6th Cir. 2009)). The continuing

---

[1] In ruling on a motion to dismiss the Court can consider "exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to [the] defendant's motion to dismiss, so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). *See also Mediacom Southeast LLC v. BellSouth Telecommunications, Inc.*, 672 F.3d 396, 399 (6th Cir. 2012).

violations doctrine can override a statute of limitations when a plaintiff can demonstrate that a series of incidents are linked by continuing unlawful acts. (*Id.*). Plaintiff argues that the City's continuous malicious prosecution in violation of his constitutional rights allows him to seek relief even on claims that have passed the two-year limitations period because they are closely related to incidents that have not been time-barred. (Doc. 9 at 2). As explained below, plaintiff fails to state a claim for malicious prosecution under 42 U.S.C. § 1983 and therefore, he cannot effectively allege that the City engaged in "wrongful conduct" to trigger the continuing violations doctrine. *Broom*, 579 F.3d at 555

### *ii. Plaintiff fails to state a claim for malicious prosecution related to all of the charges*

To state a claim for malicious prosecution under 42 U.S.C. § 1983, a plaintiff must allege that (1) a criminal prosecution was initiated against the plaintiff and the defendant made, influenced, or participated in the decision to prosecute; (2) there was no probable cause for the criminal prosecution; (3) as a consequence of the legal proceeding, the plaintiff suffered a deprivation of liberty apart from the initial seizure; and (4) the criminal proceeding was resolved in the plaintiff's favor. *Sykes*, 625 F.3d at 308-09. A malicious prosecution claim fails when there is probable cause to initiate the criminal proceeding against the accused. *Id.* at 310-11. "Probable cause is defined as reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion." *United States v. McClain*, 444 F.3d 556, 562 (6th Cir. 2005) (quoting *United States v. Ferguson*, 8 F.3d 385, 392 (6th Cir. 1993) (en banc)).

Plaintiff fails to state a claim for malicious prosecution for all fifteen proceedings because none of the proceedings terminated in his favor. *Sykes*, 625 F.3d at 309 (citing *Heck v. Humphrey*, 512 U.S. 477, 484 (1994)). "[P]roceedings are 'terminated in favor of the accused' only when their final disposition is such as to indicate that the accused is not guilty." *Helton v.*

*Dixon*, No. Civ. A. 06-cv-377, 2006 WL 751239, at *11-12 (E.D. Ky. Mar. 21, 2006) (quoting *Singleton v. City of New York*, 632 F.2d 185, 194-95 (2d Cir. 1980)). Here, plaintiff has failed to allege that any of the fifteen charges terminated in his favor or that he was cleared of any wrongdoing. By his own admission, plaintiff alleges that all fifteen charges resulted in "unjust convictions." (Complaint at ¶ 7). Moreover, the City's exhibit, which the Court is permitted to consider on a motion to dismiss, *see Bassett*, 528 F.3d at 430, demonstrates that none of the fifteen charges terminated in plaintiff's favor:

> C/15/CRB/19343 (appeal dismissed on June 15, 2016) (Ex. A, Doc. 7-1 at 1);
> C/15/CRB/19344; (appeal dismissed on June 10, 2016) (*Id.* at 2);
> M/14/CRB/12071; (appeal dismissed on August 25, 2014) (*Id.* at 3);
> M/14/CRB/22855; (appeal dismissed on May 13, 2015) (*Id.* at 4-5);
> M/14/CRB/22856; (appeal dismissed on May 13, 2015) (*Id.*);
> M/14/CRB/22857; (appeal dismissed on May 13, 2015) (*Id.*);
> M/15/CRB/10513; (appeal dismissed on March 23, 2016) (*Id.* at 6-7);
> M/15/CRB/11103; (appeal dismissed on March 23, 2016) (*Id.*);
> M/15/CRB/11104; (appeal dismissed on March 23, 2016) (*Id.*);
> M/15/CRB/13574; (appeal dismissed on May 6, 2016) (*Id.* at 8);
> M/15/CRB/16972; (appeal dismissed on May 18, 2016) (*Id.* at 9-10);
> M/15/CRB/26867; (sentenced on December 3, 2016) (*Id.* at 11);
> M/17/CRB/24736; (convicted on October 25, 2017 (*Id.* at 13);
> M/17/CRB/24738; (convicted on October 25, 2017) (*Id.* at 12);
> M/17/CRB/24739 (convicted on October 25, 2017) (*Id.* at 14).

Accordingly, plaintiff fails to state a claim for malicious prosecution.[2]

### C. The Court declines to exercise supplemental jurisdiction over plaintiff's state law false imprisonment claim

Because plaintiff's malicious prosecution claim under § 1983 fails as a matter of law, the Court declines to exercise supplemental jurisdiction over plaintiff's state law false imprisonment

---

[2] Although plaintiff claims there was no probable cause for his arrests and that he engaged in no wrongdoing, he has failed to allege facts that would support this argument. Plaintiff was convicted on all fifteen charges against him and three convictions remain pending on appeal. (Doc. 7, Exh. A). Moreover, this argument would be barred under the Supreme Court's precedent in *Heck v. Humphrey* because it would necessarily invalidate the fifteen convictions. In *Heck*, the Supreme Court held that a § 1983 suit is not cognizable if it would "necessarily" invalidate the plaintiff's conviction or sentence, unless the plaintiff can show the conviction or sentence had been set aside. *Heck*, 512 U.S. at 487.

claim. *See* 28 U.S.C. § 1367(c)(3) (providing a court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial . . . the state claims should be dismissed as well.").

**V. Conclusion**

Based on the foregoing, it is **RECOMMENDED** that defendant's motion to dismiss (Doc. 7) be **GRANTED**.[3]

Date: 7/27/18

Karen L. Litkovitz
United States Magistrate Judge

---

[3] Plaintiff also alleges in his complaint that the City violated his First Amendment rights. (Complaint at ¶ 5). Other than using the phrase "First Amendment," plaintiff's complaint fails to set forth any factual allegations for this claim.

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WADE HILL, JR.,
    Plaintiff,

vs.

CITY OF FOREST PARK,
    Defendant.

Case No: 1:17-cv-852
Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).